# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, | ) | |
| Aidan Forsyth, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-04875 |
| | ) | |
| KSO METALFAB, INC., and DORA KUZELKA, | ) | Judge Manish S. Shah |
| | ) | |
| Defendants. | ) | |

## AMENDED MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

Defendants, Dora Kuzelka ("Dora") and KSO Metalfab, Inc ("KSO"), state as follows in support of their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss:

## I.    INTRODUCTION

The CARES Act was enacted on March 27, 2020 to provide immediate assistance to individuals, families, and businesses affected by COVID-19. To this end, the Act authorized Paycheck Protection Program loans ("PPP loans"). The Act provided that the PPP loans would be forgiven if the loan proceeds were used for forgivable purposes. Over the course of the following year leading up to submission of the loan applications that are the subject of the Government's case, there was a series of legislation, regulations, and guidance from governing bodies that extended the time in which businesses could apply for PPP loans, increased the amounts that could be borrowed, and expanded the businesses that were eligible for the PPP loans, including by minimizing criminal histories of business owners that would disqualify their businesses from receiving PPP loans. Less than a month before Dora submitted the loan applications at issue, the Government advised the American public that businesses owned or controlled by individuals who had pending felony charges for non-fraud related felonies *were eligible* for PPP loans.

The Government does not allege that Dora or KSO used the PPP loan proceeds for any improper purposes. Nor does it allege that other businesses were denied PPP funds because of the loans made to KSO. Yet the relief sought by the Government is to impose treble damages totaling over $2.5 million against Dora and KSO – the same relief the Government would have been entitled to if Dora had misused the loan proceeds rather than using them for their intended purposes.

The Complaint does not plausibly allege causation. In addition, the damages and penalties sought by the Government are grossly disproportionate to the alleged conduct and its impact and thus would violate the Excessive Fines Clause of the Eighth Amendment.

For these reasons, the Complaint should be dismissed.

## II.      ALLEGATIONS OF THE COMPLAINT

The Government alleges the following: On October 11, 2019, a criminal complaint was lodged against Dora based on her facilitation of KSO employing individuals who were not legally allowed to work in the United States. Dkt 26, ¶¶ 1, 30-31. Almost a year and a half later, Dora applied for PPP loans on behalf of KSO on March 16, 2021, and April 6, 2021. *Id*. ¶¶ 35, 43. The PPP loan applications included a question of whether the owner of more than 20% equity of the applicant was "presently incarcerated or, for any felony, subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction." *Id.* ¶¶ 37, 45. Dora answered "No" to this question in the applications for both loans. *Id.* ¶¶ 37, 45. When Dora provided these answers, she owned 51% of the equity in KSO. *Id.* ¶¶ 39, 46.

On May 3, 2022, Dora entered into a Non-Prosecution Agreement related to the criminal charges that were then pending against her. *Id.* ¶ 33. Dora applied for forgiveness of the loans the

2

following month, on June 22, 2022. *Id.* ¶¶ 41, 48. The United States Small Business Administration ("SBA") approved forgiveness of the loans on June 29, 2022. *Id.* ¶¶ 42, 49.

Based on Dora's allegedly false answers, KSO received the two PPP loans, each in the amount of $416,727. *Id.* ¶¶ 42, 49. The total amount paid by the Government for the loan principal, interest and processing fees was $868,943. *Id.* ¶ 3. The Government seeks damages of three times the amount of the PPP loans plus additional fines totaling over $2.5 million, not including interest. *Id.* ¶ 24.

## III.    THE CARES ACT

The CARES Act (the "Act") was enacted on March 27, 2020. SBA Interim Final Rule, 85 Fed. Reg. 20811 (Apr. 15, 2020). The purpose of the Act was to provide economic assistance to individuals, families, and businesses nationwide that were adversely impacted by COVID-19 due to the resulting dramatic decrease in economic activity. *Id*. To this end, the Act authorized the "Paycheck Protection Program" loans and the forgiveness of those loans. *Id.* The forgiveness provision meant that "the borrower will not be responsible for any loan payment if the borrower uses all of the loan proceeds for forgivable purposes…" *Id.* at 20813.

The SBA's Interim Final Rule became effective on April 15, 2020. *Id.* at 20811. Because of the need to act immediately due to a dramatic decrease in economic activity across the country, the SBA determined there was cause to dispense with the 30-day delayed effective date of the Rule as provided in the Administrative Procedure Act and it certified that it would dispense with conducting a regulatory impact analysis. *Id.* at 20811, 20817. The scope of the limitations on the Act was reduced by further regulations effective on June 26, 2020, 85 FR 38301, and January 14, 2021, 86 Fed. Reg. 3692, each of which also became immediately effective for the same reasons. On December 27, 2020, Congress took further action to expand the reach of the PPP loan program by enacting the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act

3

(Economic Aid Act). See, 86 Fed. Reg. 13149. The Economic Aid Act extended the authority to make PPP loans through March 31, 2021, revised certain PPP requirements, and permitted second draw loans. *Id.*

In the weeks immediately preceding KSO's loan applications, the governing rules and guidance were actively changing. On February 22, 2021, shortly after the Biden administration took office, in a press briefing and release, the White House said it was "announcing several reforms to build on [prior described] success by further targeting the PPP to the smallest businesses and those that have been left behind in previous relief efforts." Exhibit A, *February 22, 2021 White House Fact Sheet*. [1] Specifically, the administration announced the following:

> Consistent with a bipartisan bill, eliminate an exclusionary restriction that prevents small business owners with prior non-fraud felony convictions from obtaining relief through the [PPP]. *Currently*, a business is ineligible for PPP if it is at least 20 percent owned by an individual who has either: (a) an arrest or conviction for a felony *related to financial assistance fraud* within the previous five years; or (2) any other felony within the previous year. To expand access to PPP, the Biden-Harris administration will adopt bipartisan reforms including the PPP Second Chance Act, co-sponsored by Senators Ben Cardin (D-MD), Rob Portman (R-OH), and Cory Booker (D-NJ), and James Lankford (R-OK), which would *eliminate the second restriction (the one-year look-back) unless the applicant or owner is incarcerated at the time of the application*.

*Id.* (Emphasis added).

Thus, the Government announced to the American public that under the then-existing PPP program, only charges or convictions for felonies related to financial assistance fraud during the previous five years disqualified a party from applying for or receiving a PPP loan. The Government further announced that the one-year look-back related to other felonies would be eliminated unless the applicant was incarcerated at the time of the application.

---

[1] It is appropriate for Defendants to rely on information of this nature because it is a matter of public record. *Johnson v. Darren Findling L. Firm, PLC*, No. 22-CV-5517, 2023 WL 5289338, at *6 (N.D. Ill. Aug. 17, 2023) ("[i]t's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss.").

Also on February 22, 2021, the SBA published on its official website that, to create an inclusive economy, including for women-owned businesses, it would "[e]liminate an exclusionary restriction on PPP access for small business owners with prior non-fraud felony convictions, consistent with a bipartisan congressional proposal." On March 8, 2021, the SBA revised its PPP eligibility rules to expand loan access in a further interim final rule. In the accompanying explanation, the SBA stated that it removed the one-year lookback for non-financial-fraud felonies and retained only a five-year lookback for certain fraud-related offenses. 86 Fed. Reg. 13149. It "remove[d] the eligibility restriction that prevents businesses with owners who have non-financial fraud felony convictions in the last year from obtaining PPP loans." *Id.*[2]

On March 16, 2021, Dora applied for KSO's first loan using the application revised by the SBA on March 3, 2021 ("First Draw"). *See* Exhibit B, *KSO First Draw Application*. The application included the following questions:

> 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant presently incarcerated or, *for any felony*, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any Jurisdiction?

> 6. Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, or within the last year, for any other felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation (including probation before judgment)?

*Id.* (emphasis added). Dora completed KSO's second loan application on April 6, 2021, using the SBA second draw application that was also revised by the SBA on March 3, 2021 ("Second Draw"). *See* Exhibit C, *KSO Second Draw Application*. This form asked the same two questions quoted above at paragraphs 4 and 5.

---

[2] Illustrative of the SBA's urgency in expanding the PPP loan program before the March 31, 2021 deadline for initial loans, the stated effective date of its March 8, 2021 interim final rule was March 4, 2021. *Id.*

The first question (#5 in the First Draw and #4 in the Second Draw) required, at most, the disclosure of felony charges, not all "pending criminal charges" as alleged in the Complaint. The following question (#6 in the First Draw and #5 in the Second Draw), however, stated that only convictions for "any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance" were disqualifying. Read together, these questions appear to create ambiguity as to whether all pending felony charges were disqualifying, particularly in light of contemporaneous guidance narrowing eligibility restrictions.

## IV.    ARGUMENT

### A.    Introduction

The False Claims Act imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." *Universal Health Services, Inc. v. U.S. ex rel. Escobar,* 579 U.S. 176, 182 (2016). To establish liability, a plaintiff must plead four elements: 1) the defendant made a false statement (falsity); 2) the defendant knew the statement was false (knowledge); 3) the false statement was material to the government's payment decision (materiality); and 4) the false statement caused the government's loss (causation). *United States v. Carrington Mortgage Services, LLC,* 70 F.4th 968, 973 (7th Cir. 2023).

Here, the Government has not alleged that Defendants misused the proceeds of the PPP loans at issue. It does not allege that any other businesses were denied PPP funds because of the loans made to KSO. Under the facts of this case, the Government has failed to plausibly plead causation. Further, the penalties sought by the Government would violate the excessive fines provision of the Eighth Amendment.

### B.    Dora's Alleged Misrepresentations Did Not Cause the Government Any Cognizable Loss

Earlier Seventh Circuit authority applied a "but for" causation standard for FCA claims while all other circuits applied a proximate causation standard. *United States v. Luce*, 873 F.3d

6

999, 1011 (7th Cir. 2017). The Seventh Circuit reconsidered this standard in light of the United States Supreme Court's decision in *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194-95 (2016). Although *Escobar* did not expressly address causation, in that case the court "*explicitly* said that, 'absent other indication, Congress intends to incorporate the well-settled meaning of the common-law terms it uses' and that 'the term fraudulent is a paradigmatic example of a statutory term that incorporates the common-law meaning of fraud.'" *Id.* (Emphasis in original).

Based on the *Escobar* decision, the *Luce* court reached several conclusions relevant to the causation requirement of the FCA. It found that "not all losses that in fact result from the reliance are … legally caused by the representation…. Instead, 'the misrepresentation is a legal cause only of those pecuniary losses that are within the foreseeable risk of harm that it creates.'" *Id.* at 1011-12. The court held that the "statutory language of the FCA does not suggest that Congress sought to depart from the established common-law understanding of causation in fraud cases. The FCA simply allows the Government to recover 'damages which the Government sustains *because of* the act of that person.'" *Id.* at 1012 (Emphasis in original). Accordingly, the court defined the issue before it as "whether, under the proximate cause standard that we have enunciated today, the Government can establish that [the defendant's] falsehood was the proximate cause of the Government's harm." *Id.* at 1014. The Seventh Circuit reiterated this requirement in *United States v. Carrington Mortg. Servs., LLC*, 70 F.4th 968, 978-79 (7th Cir. 2023). Thus, as with a traditional fraud claim, proximate cause of foreseeable harm or loss to the Government is a necessary element of an FCA claim.

Here, the Complaint contains no such allegations. It does not allege that Dora's certifications caused any loss event, misuse of funds, or improper retention of PPP loan proceeds. The only plausible inference from the Complaint is that the purposes for the PPP loan program

were fulfilled by the loan to KSO. Absent any alleged causal connection between the purported misrepresentation and a cognizable Government loss or harm, the Complaint fails to state a claim under the FCA.

### C. The Damages and Penalties Sought Are Unconstitutionally Excessive

The Eighth Amendment prohibits the imposition of "excessive fines." The Excessive Fines Clause applies to civil sanctions that are at least partly punitive, and the analysis proceeds in two steps: (1) whether the sanction is punitive, and (2) whether it is "grossly disproportional to the gravity of the offense." *United States v. Bajakajian*, 524 U.S. 321, 322 (1998); *see also Grashoff v. Adams*, 65 F.4th 910, 916 (7th Cir. 2023). The United States Supreme Court has determined that "the FCA imposes damages that are essentially punitive in nature" *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 784 (2000) ("The very idea of treble damages reveals an intent to punish past, and to deter future, unlawful conduct, not to ameliorate the liability of wrongdoers.").

Thus, the narrow question presented is whether, accepting the Complaint's allegations as true, the Government's request for treble damages and per-claim penalties amounting to millions of dollars is grossly disproportional to the gravity of the offense alleged in the Complaint. In applying the proportionality standard, the Seventh Circuit evaluates whether there is a meaningful relationship between the gravity of the alleged offense and the magnitude of the penalty sought. *Grashoff v. Adams*, 65 F.4th 910, 917 (7th Cir. 2023). In *Grashoff*, the court distilled the inquiry into several guideposts, including: (1) the essence of the offense and its relation to other unlawful activity; (2) whether the defendant falls within the class of persons targeted by the statute; (3) the statutory penalties authorized by Congress; and (4) the nature of the harm caused by the conduct. *Id*. Although legislative judgments are entitled to deference, the analysis ultimately turns on

whether there is an "articulable correlation" between the penalty imposed and the gravity of the offense. *Id*. at 921.

Here, the Complaint does not allege a prolonged or systematic fraud scheme, misuse of PPP funds, diversion of proceeds, or harm to program beneficiaries. Nor does it allege that Defendants' conduct caused financial loss beyond the Government's assertion that it would not have issued the loans had it known of the alleged ineligibility.

The Complaint does not allege conduct tied to other unlawful activity, does not place Defendants within the core class of fraud-based actors targeted by the FCA's most severe penalties, and—most critically—does not allege any harm resulting from the use of the funds. On the face of the Complaint, it does not allege any facts establishing an "articulable correlation" between the gravity of the alleged conduct and the multi-million-dollar penalties sought. *Grashoff*, 65 F.4th at 921.

The Government's case is based entirely on two written loan applications and two forgiveness applications that were submitted to the SBA. Dora made the applications at a time when the Biden administration considered her to be eligible to apply for the loans on behalf of KSO, when the crime-related restrictions on applicants were being relaxed so that more businesses would qualify for loans, and where the application forms for the loans counter-intuitively advised that being charged with certain crimes was disqualifying while convictions for the same crimes were not. The gravity of Dora's alleged violations does not justify the imposition of the damages sought by the Government.

Accepting the allegations of the Government's Complaint as true, the penalties sought here would be "grossly disproportional to the gravity of the offense" within the meaning of *Seventh Circuit* precedent. Accordingly, the request for treble damages and statutory penalties should be dismissed as violative of the Excessive Fines Clause.

9

**D.      The Government Does Not State a Claim for Unjust Enrichment**

The Government's unjust enrichment claim is based on the same facts as its FCA claims. Dkt. 26, p. 15.  For this reason, the unjust enrichment claim will stand or fall along with the FCA claims.  *Cleary v. Philip Morris,* 656 F.3d 511, 517 (7th Cir. 2011).  Defendants incorporate their arguments above as the basis for dismissal of the unjust enrichment claim.

**V.      <u>CONCLUSION</u>**

For the foregoing reasons, the Complaint fails to plausibly allege causation or harm under the False Claims Act, and the penalties sought are unconstitutionally excessive. The Complaint should therefore be dismissed in its entirety.


Date: April 14, 2026                                         Respectfully,

                                                            KSO Metalfab, Inc. and Dora Kuzelka

                                                            By: */s/Gary Hollander*
                                                            Gary P. Hollander (ARDC #6181915)
                                                            Khoa Trinh (ARDC #6351044)
                                                            ARONBERG GOLDGEHN
                                                            225 W. Washington St. Suite 2800
                                                            Chicago, Illinois 60606
                                                            (312) 923-7336
                                                            ghollander@agdglaw.com
                                                            ktrinh@agdglaw.com

                                                            *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Khoa D. Trinh, hereby certify that on April 14, 2026 I caused to be electronically filed the foregoing ***AMENDED MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS***, true and correct copies of which will be served via the Court's EF/ECM system on all parties of record.

/s/ Khoa D. Trinh

# Exhibit A

The Wayback Machine - https://web.archive.org/web/20240223193005/https://www.whitehouse.gov/briefing-ro…

FEBRUARY 22, 2021

# FACT SHEET: Biden-Harris Administration Increases Lending to Small Businesses in Need, Announces Changes to PPP to Further Promote Equitable Access to Relief

Small businesses account for 44 percent of U.S. GDP, create two-thirds of net new jobs, and employ nearly half of America's workers. Now, millions of main street small businesses – especially Black- and Brown-owned small businesses – are struggling to make ends meet in the wake of the COVID-19 pandemic and resulting economic crisis.

The Biden-Harris administration has made delivering equitable relief to hard-hit small businesses a top priority. The latest round of Paycheck Protection Program (PPP) funding opened just one month ago and it represents a marked improvement on the prior round of the Program last year. Compared to the same point in the Program last year:

- The share of funding going to small businesses with fewer than ten employees is up nearly 60 percent

- The share of funding going to small businesses in rural areas is up nearly 30 percent

- The share of funding distributed through Community Development Financial Institutions and Minority Depository Institutions is up more than 40 percent

The Biden-Harris administration is announcing several reforms to build on this success by further targeting the PPP to the smallest businesses and those that have been left behind in previous relief efforts. While these efforts are no substitute for passage of the American Rescue Plan, they will extend much-needed resources to help small businesses survive, reopen, and rebuild. Specifically, the Biden-Harris administration will:

- Institute a 14-day period, starting Wednesday, during which only businesses with fewer than 20 employees can apply for relief through the Program. 98 percent of small businesses have fewer than 20 employees. They are Main Street businesses that anchor our neighborhoods and help families build wealth. And while the Biden-Harris administration has directed significantly more relief to these smallest businesses in this

round of PPP than in the prior round, these businesses often struggle more than larger businesses to collect the necessary paperwork and secure relief from a lender. The 14-day exclusive application period will allow lenders to focus on serving these smallest businesses. The Biden-Harris administration will also make a sustained effort to work with lenders and small business owners to ensure small businesses take maximum advantage of this two-week window.

- Help sole proprietors, independent contractors, and self-employed individuals receive more financial support. These types of businesses, which include home repair contractors, beauticians, and small independent retailers, make up a significant majority of all businesses. Of these businesses, those without employees are 70 percent owned by women and people of color. Yet many are structurally excluded from the PPP or were approved for as little as $1 because of how PPP loans are calculated. To address this problem, the Biden-Harris administration will revise the loan calculation formula for these applicants so that it offers more relief, and establish a $1 billion set aside for businesses in this category without employees located in low- and moderate-income (LMI) areas.

- Consistent with a bipartisan bill, eliminate an exclusionary restriction that prevents small business owners with prior non-fraud felony convictions from obtaining relief through the Paycheck Protection Program.  Currently, a business is ineligible for PPP if it is at least 20 percent owned by an individual who has either: (1) an arrest or conviction for a felony related to financial assistance fraud within the previous five years; or (2) any other felony within the previous year. To expand access to PPP, the Biden-Harris administration will adopt bipartisan reforms included in the PPP Second Chance Act, co-sponsored by Senators Ben Cardin (D-MD), Rob Portman (R-OH), Cory Booker (D-NJ), and James Lankford (R-OK), which would eliminate the second restriction (the one-year look-back) unless the applicant or owner is incarcerated at the time of the application.

- Eliminate an exclusionary restriction that prevents small business owners who are delinquent on their federal student loans from obtaining relief through the Paycheck Protection Program. Currently, the PPP is not available to any business with at least 20 percent ownership by an individual who is currently delinquent or has defaulted within the last seven years on a federal debt, including a student loan. Millions of Americans are delinquent on student loans, including a disproportionate number of Black borrowers. Working with the Departments of the Treasury and Education, the SBA will remove the student loan delinquency restriction to broaden access to the PPP.

- Ensure access for non-citizen small business owners who are lawful U.S. residents by clarifying that they may use Individual Taxpayer Identification Numbers (ITINs) to apply

for relief. The PPP statute is clear that all lawful U.S. residents may access the program, but a lack of guidance from the SBA has created inconsistency in access for ITIN holders like Green Card holders or those here on a visa. The SBA will address this unfair inconsistency by issuing clear guidance in the coming days that otherwise eligible applicants cannot be denied access to the PPP because they use ITINs to pay their taxes.

In addition to these five changes, the Biden-Harris administration has taken – and will continue to take – steps to ensure equitable distribution of relief that values each and every taxpayer dollar. These steps include:

- Addressing waste, fraud, and abuse across all federal programs. Unlike the previous round of the PPP, loan guaranty approval is now contingent on passing SBA fraud checks, Treasury's Do Not Pay database, and public records. The SBA now also conducts manual loan reviews for the largest loans in the PPP portfolio and a random sampling of other loans. The SBA has worked, and will continue to work, with its lender partners to create streamlined processes to resolve issues as quickly as possible, while still ensuring taxpayer dollars are spent wisely.

- Promoting transparency and accountability by improving the PPP loan application. To encourage self-reporting of demographic data and better illustrate the impact the PPP is having across various population segments, the Biden-Harris administration has revamped the PPP application.

- Improving the Emergency Relief Digital Front Door. The Biden-Harris administration is working to update key areas of SBA websites to help more applicants find resources for understanding relief options and completing applications.

- Continuing to conduct extensive stakeholder outreach to learn more about challenges and opportunities in the implementation of current emergency relief programs. The President has spoken with several small businesses owners in recent weeks to understand their concerns about relief program. And as part of the Administration's efforts to support America's small businesses, especially those in LMI communities, the Vice President spoke last week with the CEOs of major banks, to highlight the critical period ahead, the vital role that lenders have to play during this time, and the Administration's focus on PPP lending to underserved small businesses. In recent weeks, the Vice President has also met virtually with small business owners and Black Chambers of Commerce to discuss the challenges that small businesses face right now, and how passing the American Rescue Plan will provide critical relief during a difficult period. At all levels and across

agencies, the administration will continue to engage with communities to inform the design and delivery of vital programs that meet their needs.

- Enhancing the current lender engagement model. As part of the Biden-Harris Administration's commitment to further improve access to capital for small businesses, the SBA is launching a new initiative to deepen its relationships with lenders. This model will increase opportunity for lenders to provide recommendations and ask questions about the PPP and drive resolution of open questions and concerns in a more streamlined way.

###

# Exhibit B

DocuSign Envelope ID: 6D03DFDC-552C-4AA2-BC05-33B65AC6A21E



**Paycheck Protection Program**
**Borrower Application Form Revised March 3, 2021**

OMB Control No.: 3245-0407
Expiration Date: 9/30/2021

| Check One: | ☐ Sole proprietor ☐ Partnership ■ C-Corp ☐ S-Corp ☐ LLC<br>☐ Independent contractor ☐ Self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(6) organization<br>☐ 501(c)(19) veterans organization ☐ Housing cooperative<br>☐ Tribal business ☐ Other _____ | DBA or Tradename (if applicable) | Year of Establishment (if applicable) |
|---|---|---|---|
| | | KSO Metalfab Inc | 1973 |

| Business Legal Name | NAICS Code | Applicant (including affiliates, if applicable) Meets Size Standard (check one): |
|---|---|---|
| KSO Metalfab, Inc | 332999 | ■ No more than 500 employees (or 300 employees, if applicable) unless "per location" exception applies<br>☐ SBA industry size standards<br>☐ SBA alternative size standard |

| Business Address (Street, City, State, Zip Code - No P.O. Box addresses allowed) | Business TIN (EIN, SSN, ITIN) | Business Phone |
|---|---|---|
| 250 Roma Jean Pkwy Streamwood, IL 60107 | 362761852 | 6303721200 |
| | **Primary Contact** | **Email Address** |
| | Dora Kuzelka | dorak@kso.com |

| Average Monthly Payroll: | $ 166691 | x 2.5 + EIDL (Do Not Include Any EIDL Advance) equals Loan Request Amount: | $ 416727 | Number of Employees: | 34 |
|---|---|---|---|---|---|

| Purpose of the loan (select all that apply): | ☒ Payroll Costs | ☐ Rent / Mortgage Interest | ☐ Utilities | ☐ Covered Operations Expenditures |
|---|---|---|---|---|
| | ☐ Covered Property Damage | ☐ Covered Supplier Costs | ☐ Covered Worker Protection Expenditures | ☐ Other (explain): _____ |

**Applicant Ownership**

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN, ITIN) | Address |
|---|---|---|---|---|
| Contained in supplemental information | | | | |
| | | | | |

**PPP Applicant Demographic Information (Optional)**

**Veteran/gender/race/ethnicity data is collected for program reporting purposes only. Disclosure is voluntary and will have no bearing on the loan application decision.**

| Principal Name | Principal Position |
|---|---|
| Contained in supplemental information | |

| | Select Response Below: |
|---|---|
| Veteran | ☐ Non-Veteran; ☐ Veteran; ☐ Service-Disabled Veteran; ☐ Spouse of Veteran; ☐ Not Disclosed |
| Gender | ☐ Male; ☐ Female; ☐ Not Disclosed |
| Race (more than 1 may be selected) | ☐ American Indian or Alaska Native; ☐ Asian; ☐ Black or African-American; ☐ Native Hawaiian or Pacific Islander; ☐ White; ☐ Not Disclosed |
| Ethnicity | ☐ Hispanic or Latino; ☐ Not Hispanic or Latino; ☐ Not Disclosed |

SBA Form 2483 (3/21)                                                             1

DocuSign Envelope ID: 6D03DFDC-552C-4AA2-BC05-33B65AC6A21E



**Paycheck Protection Program**
**Borrower Application Form Revised March 3, 2021**

*If questions (1), (2), (5), or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|:---:|:---:|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | | ✔ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency (other than a Federal student loan made or guaranteed through a program administered by the Department of Education) that is (a) currently delinquent, or (b) has defaulted in the last 7 years and caused a loss to the government? | | ✔ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management (including a management agreement) with any other business? If yes, list all such businesses (including their TINs if available) and describe the relationship on a separate sheet identified as addendum A. | | ✔ |
| 4. Did the Applicant receive an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | | ✔ |
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant presently incarcerated or, for any felony, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction? <br> Initial here to confirm your response to question 5 → _DS_ DF _____ | | ✔ |
| 6. Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation (including probation before judgment)? <br> Initial here to confirm your response to question 6 → _DS_ DF _____ | | ✔ |
| 7. Is the United States the principal place of residence for all employees included in the Applicant's payroll calculation above? | ✔ | |
| 8. Is the Applicant a franchise? | | ✔ |
| 9. Is the franchise listed in SBA's Franchise Directory? If yes, enter SBA Franchise Identifier Code here: _____ | | ✔ |

SBA Form 2483 (3/21)

2

DocuSign Envelope ID: 6D03DFDC-552C-4AA2-BC05-33B65AC6A21E



**Paycheck Protection Program**
**Borrower Application Form Revised March 3, 2021**

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the Paycheck Protection Program Rules).
- The Applicant, together with its affiliates (if applicable), (1) is an independent contractor, self-employed individual, or sole proprietor with no employees; (2) if not a housing cooperative, eligible 501(c)(6) organization, or eligible destination marketing organization, employs no more than the greater of 500 employees or, if applicable, the size standard in number of employees established by SBA in 13 C.F.R. 121.201 for the Applicant's industry; (3) if a housing cooperative, eligible 501(c)(6) organization, or eligible destination marketing organization, employs no more than 300 employees; (4) if NAICS 72, employs no more than 500 employees per physical location; (5) if a news organization that is majority owned or controlled by a NAICS code 511110 or 5151 business or a nonprofit public broadcasting entity with a trade or business under NAICS code 511110 or 5151, employs no more than 500 employees (or, if applicable, the size standard in number of employees established by SBA in 13 C.F.R. 121.201 for the Applicant's industry) per location; or (6) is a small business under the applicable revenue-based size standard established by SBA in 13 C.F.R. 121.201 for the Applicant's industry or under the SBA alternative size standard.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rules including the prohibition on using loan proceeds for lobbying activities and expenditures. If Applicant is a news organization that became eligible for a loan under Section 317 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, proceeds of the loan will be used to support expenses at the component of the business concern that produces or distributes locally focused or emergency information.
- I understand that SBA encourages the purchase, to the extent feasible, of American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any EIDL loan received by the Applicant (Section 7(b)(2) of the Small Business Act) between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses for loans under the Paycheck Protection Program Rules.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

_____ The Applicant was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

_____ Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

_____ The funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

_____ I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, covered utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures, and not more than 40% of the forgiven amount may be for non-payroll costs. If required, the Applicant will provide to the Lender and/or SBA documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of eligible expenses for the covered period following this loan.

_____ The Applicant has not and will not receive another loan under the Paycheck Protection Program, section 7(a)(36) of the Small Business Act (15 U.S.C. 636(a)(36)) (this does not include Paycheck Protection Program second draw loans, section 7(a)(37) of the Small Business Act (15 U.S.C. 636(a)(37)).

_____ The Applicant has not and will not receive a Shuttered Venue Operator grant from SBA.

_____ The President, the Vice President, the head of an Executive department, or a Member of Congress, or the spouse of such person as determined under applicable common law, does not directly or indirectly hold a controlling interest in the Applicant, with such terms having the meanings provided in Section 322 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act.

_____ The Applicant is not an issuer, the securities of which are listed on an exchange registered as a national securities exchange under section 6 of the Securities Exchange Act of 1934 (15 U.S.C. 78f).

_____ I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 U.S.C. 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 U.S.C. 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

_____ I acknowledge that the Lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge, and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

DocuSigned by:

*Dora Kuzelka*
53867225BF68422...

_____     3/16/2021
Signature of Authorized Representative of Applicant          Date

Dora  Kuzelka                                               president
_____     _____
Print Name                                                  Title

SBA Form 2483 (3/21)                          3



**Paycheck Protection Program**
**Borrower Application Form Revised March 3, 2021**

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and ***submitted to your SBA Participating Lender***. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

An Applicant that files an IRS Form 1040, Schedule C, and elects to calculate the PPP loan amount using net profit must use this form. *An Applicant that files an IRS Form 1040, Schedule C, and elects to calculate the PPP loan amount using gross income cannot use this form, and instead must use SBA Form 2483-C.* An Applicant that files an IRS Form 1040, Schedule F, and calculates the PPP loan amount using gross income must also use this form.

**Instructions for completing this form:**

With respect to Purpose of the Loan, payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave (except those paid leave amounts for which a credit is allowed under FFCRA Sections 7001 and 7003); allowance for separation or dismissal; payment for the provision of employee benefits (including insurance premiums) consisting of group health care coverage, group life, disability, vision, or dental insurance, and retirement benefits; payment of state and local taxes assessed on compensation of employees; and, for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating Average Monthly Payroll, most Applicants will use the average monthly payroll for 2019 or 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For seasonal businesses, the Applicant may elect to instead use average total monthly payroll for any twelve-week period selected by the Applicant between February 15, 2019 and February 15, 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For farmers and ranchers that operate as a sole proprietorship or as an independent contractor, or who are eligible self-employed individuals and report farm income or expenses on a Schedule F (or any equivalent successor IRS form), payroll costs are computed using eligible payroll costs for employees, if any, plus the lesser of $100,000 and the difference between gross income and any eligible payroll costs for employees, as reported on a Schedule F. For Applicants that file IRS Form 1040, Schedule C, and elect to calculate the PPP loan amount using net profit, payroll costs are computed using line 31 net profit amount, limited to $100,000, plus any eligible payroll costs for employees (to calculate loan amount using gross income, see SBA Form 2483-C). For Applicants that are partnerships, payroll costs are computed using net earnings from self-employment of individual general partners, as reported on IRS Form 1065 K-1, reduced by section 179 expense deduction claimed, unreimbursed partnership expenses claimed, and depletion claimed on oil and gas properties, multiplied by 0.9235, that is not more than $100,000, plus any eligible payroll costs for employees.

For purposes of reporting Number of Employees, sole proprietors, self-employed individuals, and independent contractors should include themselves as employees (i.e., the minimum number in the box Number of Employees is one). Applicants may use their average employment over the time period used to calculate their aggregate payroll costs to determine their number of employees. Alternatively, Applicants may elect to use the average number of employees per pay period in the 12 completed calendar months prior to the date of the loan application.

For purposes of reporting Year of Establishment, self-employed individuals and independent contractors may enter "NA".

For purposes of reporting NAICS Code, applicants must match the business activity code provided on their IRS income tax filings, if applicable.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020 to Loan Request as indicated on the form. Do not add the amount of any EIDL Advance.

All parties listed below are considered owners of the Applicant:
- For a sole proprietorship, the sole proprietor;
- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;
- For a corporation, all owners of 20% or more of the corporation;
- For limited liability companies, all members owning 20% or more of the company; and
- Any Trustor (if the Applicant is owned by a trust).

For purposes of reporting (optional) demographic information:
1. **Purpose**. Veteran/gender/race/ethnicity data is collected for program reporting purposes only.
2. **Description**. This form requests information about each of the Applicant's Principals. Add additional sheets if necessary.
3. **Definition of Principal**. The term "Principal" means:
   - For a self-employed individual, independent contractor, or a sole proprietor, the self-employed individual, independent contractor, or sole proprietor.
   - For a partnership, all general partners and all limited partners owning 20% or more of the equity of the Applicant, or any partner that is involved in the management of the Applicant's business.
   - For a corporation, all owners of 20% or more of the Applicant, and each officer and director.
   - For a limited liability company, all members owning 20% or more of the Applicant, and each officer and director.
   - Any individual hired by the Applicant to manage the day-to-day operations of the Applicant ("key employee").
   - Any trustor (if the Applicant is owned by a trust).
   - For a nonprofit organization, the officers and directors of the Applicant.
4. **Principal Name**. Insert the full name of the Principal.
5. **Principal Position**. Identify the Principal's position; for example, self-employed individual; independent contractor; sole proprietor; general partner; owner; officer; director; member; or key employee.

SBA Form 2483 (3/21)

DocuSign Envelope ID: 6D03DFDC-552C-4AA2-BC05-33B65AC6A21E



**Paycheck Protection Program**
**Borrower Application Form Revised March 3, 2021**

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to: Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416, and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503. **PLEASE DO NOT SEND FORMS TO THESE ADDRESSES.**

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 U.S.C. Section 636(a)(1)(B) of the Small Business Act.

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Program using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – This law provides, with some exceptions, that SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that is generally released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers, the amount of the loan, and the type of the loan. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined and required to abate the hazards in their workplaces. They may also be ordered to cease operations posing an imminent danger of death or serious injury until employees can be protected. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549 (2 C.F.R. Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

**PPP Applicant Ownership Sheet**

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| Dora Kuzelka | President | 51 | 362761852 | 250 Roma Jean Pkwy, Streamwood, IL 60107 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DocuSign Envelope ID: 6D03DFDC-552C-4AA2-BC05-33B65AC6A21E

**PPP Borrower Demographic Information Sheet**

| Principal Name | Position | Veteran | Gender | Race | Ethnicity |
|---|---|---|---|---|---|
| Dora Kuzelka | President | 1=Non-Veteran | F=Female | 5=White | N=Not Hispanic or Latino |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

SBA Form 2483 (3/21)                     7

# Exhibit C

DocuSign Envelope ID: 3219569E-CE5D-4A77-8B93-95A542985321



**Paycheck Protection Program**
**Second Draw Borrower Application Form**
**Revised March 3, 2021**

OMB Control No.: 3245-0417
Expiration Date: 9/30/2021

| Check One: | ☐ Sole proprietor ☐ Partnership ☑ C-Corp ☐ S-Corp ☐ LLC<br>☐ Independent contractor ☐ Self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(6) organization<br>☐ 501(c)(19) veterans organization ☐ Housing cooperative<br>☐ Tribal business ☐ Other _____ | DBA or Tradename (if applicable) | Year of Establishment (if applicable) |
|---|---|---|---|
| | | KSO METALFAB, INC. | 1973 |

| Business Legal Name | NAICS Code |
|---|---|
| KSO METALFAB, INC. | 332999 |

| Business Address (Street, City, State, Zip Code - No P.O. Box addresses allowed) | Business TIN (EIN, SSN, ITIN) | Business Phone |
|---|---|---|
| 250 Roma Jean Pkwy Streamwood, IL 60107 | 362761852 | 6303721200 |
| | **Primary Contact** | **Email Address** |
| | DORA KUZELKA | dorak@kso.com |

| Average Monthly Payroll: | $ 166691 | x 2.5 (or x 3.5 for NAICS 72 applicants) equals Loan Request Amount (may not exceed $2,000,000): | $ 416727 | Number of Employees (including affiliates, if applicable; may not exceed 300 unless "per location" exception applies): | 34 |
|---|---|---|---|---|---|
| **Purpose of the loan (select all that apply):** | ☑ Payroll Costs<br><br>☑ Covered Property Damage | ☑ Rent / Mortgage Interest<br><br>☑ Covered Supplier Costs | ☑ Utilities<br><br>☑ Covered Worker Protection Expenditures | ☑ Covered Operations Expenditures<br><br>☐ Other (explain): _____ | |
| **PPP First Draw SBA Loan Number:** | 4166398610 | | | | |

| Reduction in Gross Receipts of at Least 25% (Applicants for loans of $150,000 or less may leave blank but must provide upon or before seeking loan forgiveness or upon SBA request): | 2020 Quarter (e.g., 2Q 2020): | 1Q 2020 | Reference Quarter (e.g., 2Q 2019): | 1Q 2019 |
|---|---|---|---|---|
| | **Gross Receipts:** | $ 1290497 | **Gross Receipts** | $ 1809013 |

**Applicant Ownership**

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN, ITIN) | Address |
|---|---|---|---|---|
| Contained in supplemental information | | | | |
| | | | | |

**PPP Applicant Demographic Information (Optional)**

**Veteran/gender/race/ethnicity data is collected for program reporting purposes only. Disclosure is voluntary and will have no bearing on the loan application decision.**

| Principal Name | Principal Position |
|---|---|
| Contained in supplemental information | |

| | Select Response Below: |
|---|---|
| Veteran | ☐ Non-Veteran; ☐ Veteran; ☐ Service-Disabled Veteran; ☐ Spouse of Veteran; ☐ Not Disclosed |
| Gender | ☐ Male; ☐ Female; ☐ Not Disclosed |
| Race (more than 1 may be selected) | ☐ American Indian or Alaska Native; ☐ Asian; ☐ Black or African-American; ☐ Native Hawaiian or Pacific Islander; ☐ White; ☐ Not Disclosed |
| Ethnicity | ☐ Hispanic or Latino; ☐ Not Hispanic or Latino; ☐ Not Disclosed |

DocuSign Envelope ID: 32195669E-CE5D-4A77-8B93-95A542985321



**Paycheck Protection Program**
**Second Draw Borrower Application Form**
**Revised March 3, 2021**

*If questions (1), (2), (4), or (5) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|:---:|:---:|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | | ✔ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency (other than a Federal student loan made or guaranteed through a program administered by the Department of Education) that is (a) currently delinquent, or (b) has defaulted in the last 7 years and caused a loss to the government? | | ✔ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management (including a management agreement) with any other business? If yes, list all such businesses (including their TINs if available) and describe the relationship on a separate sheet identified as addendum A. | | ✔ |
| 4. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant presently incarcerated or, for any felony, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction? <br> Initial here to confirm your response to question 4 → _DF_____ | | ✔ |
| 5. Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation (including probation before judgment)? <br> Initial here to confirm your response to question 5 → _DF_____ | | ✔ |
| 6. Is the United States the principal place of residence for all employees included in the Applicant's payroll calculation above? | ✔ | |
| 7. Is the Applicant a franchise? | | ✔ |
| 8. Is the franchise listed in SBA's Franchise Directory? If yes, enter SBA Franchise Identifier Code here: _____ | | ✔ |

SBA Form 2483-SD (3/21)

DocuSign Envelope ID: 32195669E-CE5D-4A77-8B93-95A542985321



**Paycheck Protection Program**
**Second Draw Borrower Application Form**
**Revised March 3, 2021**

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.

- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing Second Draw Paycheck Protection Program Loans under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the Paycheck Protection Program Rules).

- The Applicant, together with its affiliates (if applicable), (1) is an independent contractor, self-employed individual, or sole proprietor with no employees; (2) employs no more than 300 employees; or (3) if NAICS 72, employs no more than 300 employees per physical location; (4) if a news organization that is majority owned or controlled by a NAICS code 511110 or 5151 business or a nonprofit public broadcasting entity with a trade or business under NAICS code 511110 or 5151, employs no more than 300 employees per location.

- I will comply, whenever applicable, with the civil rights and other limitations in this form.

- All loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rules including the prohibition on using loan proceeds for lobbying activities and expenditures. If Applicant is a news organization that became eligible for a loan under Section 317 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, proceeds of the loan will be used to support expenses at the component of the business concern that produces or distributes locally focused or emergency information.

- I understand that SBA encourages the purchase, to the extent feasible, of American-made equipment and products.

- The Applicant is not engaged in any activity that is illegal under federal, state or local law.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.



The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

The Applicant was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

The Applicant has realized a reduction in gross receipts in excess of 25% relative to the relevant comparison time period. For loans greater than $150,000, Applicant has provided documentation to the lender substantiating the decline in gross receipts. For loans of $150,000 or less, Applicant will provide documentation substantiating the decline in gross receipts upon or before seeking loan forgiveness for the Second Draw Paycheck Protection Program Loan or upon SBA request.

The Applicant received a First Draw Paycheck Protection Program Loan and, before the Second Draw Paycheck Protection Program Loan is disbursed, will have used the full loan amount (including any increase) of the First Draw Paycheck Protection Program Loan only for eligible expenses.

The funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.



I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, covered utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures, and not more than 40% of the forgiven amount may be for non-payroll costs. If required, the Applicant will provide to the Lender and/or SBA documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of eligible expenses for the covered period following this loan.



The Applicant has not and will not receive another Second Draw Paycheck Protection Program Loan.

The Applicant has not and will not receive a Shuttered Venue Operator grant from SBA.

SBA Form 2483-SD (3/21)                                                    3

DocuSign Envelope ID: 3219560E-CE5D-4A77-8B93-95A542985321



**Paycheck Protection Program**
**Second Draw Borrower Application Form**
**Revised March 3, 2021**

The President, the Vice President, the head of an Executive department, or a Member of Congress, or the spouse of such person as determined under applicable common law, does not directly or indirectly hold a controlling interest in the Applicant, with such terms having the meanings provided in Section 322 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act.

The Applicant is not an issuer, the securities of which are listed on an exchange registered as a national securities exchange under section 6 of the Securities Exchange Act of 1934 (15 U.S.C. 78f).

The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China.

The Applicant is not required to submit a registration statement under section 2 of the Foreign Agents Registration Act of 1938 (22 U.S.C. 612).

The Applicant is not a business concern or entity primarily engaged in political or lobbying activities, including any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents.

I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 U.S.C. 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 U.S.C. 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

I acknowledge that the Lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge, and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

DocuSigned by:

DORA KUZELKA

53867225BF68422

Signature of Authorized Representative of Applicant

4/6/2021

Date

DORA KUZELKA

Print Name

PRESIDENT

Title

DocuSign Envelope ID: 32195609E-CE5D-4A77-8B93-95A542985321



**Paycheck Protection Program**
**Second Draw Borrower Application Form**
**Revised March 3, 2021**

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and ***submitted to your SBA Participating Lender***. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

An Applicant that files an IRS Form 1040, Schedule C, and elects to calculate the PPP loan amount using net profit must use this form. *An Applicant that files an IRS Form 1040, Schedule C, and elects to calculate the PPP loan amount using gross income cannot use this form, and instead must use SBA Form 2483-SD-C.* An Applicant that files an IRS Form 1040, Schedule F, and calculates the PPP loan amount using gross income must also use this form.

**Instructions for completing this form:**

With respect to Purpose of the Loan, payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave (except those paid leave amounts for which a credit is allowed under FFCRA Sections 7001 and 7003); allowance for separation or dismissal; payment for the provision of employee benefits (including insurance premiums) consisting of group health care coverage, group life, disability, vision, or dental insurance, and retirement benefits; payment of state and local taxes assessed on compensation of employees; and, for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating Average Monthly Payroll, most Applicants will use the average monthly payroll for 2019 or 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For seasonal businesses, the Applicant may elect to instead use average total monthly payroll for any twelve-week period selected by the Applicant between February 15, 2019 and February 15, 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For new businesses without 12 months of payroll costs but that were in operation on February 15, 2020, average monthly payroll may be calculated based on the number of months in which payroll costs were incurred, excluding costs over $100,000 on an annualized basis for each employee, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For farmers and ranchers that operate as a sole proprietorship or as an independent contractor, or who are eligible self-employed individuals and report farm income or expenses on a Schedule F (or any equivalent successor IRS form), payroll costs are computed using eligible payroll costs for employees, if any, plus the lesser of $100,000 and the difference between gross income and any eligible payroll costs for employees, as reported on a Schedule F. For Applicants that file IRS Form 1040, Schedule C, and elect to calculate the PPP loan amount using net profit, payroll costs are computed using line 31 net profit amount, limited to $100,000, plus any eligible payroll costs for employees (to calculate loan amount using gross income, see SBA Form 2483-SD-C). For Applicants that are partnerships, payroll costs are computed using net earnings from self-employment of individual general partners, as reported on IRS Form 1065 K-1, reduced by section 179 expense deduction claimed, unreimbursed partnership expenses claimed, and depletion claimed on oil and gas properties, multiplied by 0.9235, that is not more than $100,000, plus any eligible payroll costs for employees.

In determining whether the Applicant experienced at least a 25% reduction in gross receipts, for loans above $150,000, the Applicant must identify the 2020 quarter meeting this requirement, identify the reference quarter, and state the gross receipts amounts for both quarters, as well as provide supporting documentation. For loans of $150,000 and below, these fields are not required and the Applicant only must certify that the Applicant has met the 25% gross receipts reduction at the time of application; however, upon or before seeking loan forgiveness (or upon SBA request) the Applicant must provide documentation that identifies the 2020 quarter meeting this requirement, identifies the reference quarter, states the gross receipts amounts for both quarters, and supports the amounts provided. For all loans, the appropriate reference quarter depends on how long the Applicant has been in operation:

• For all Applicants other than those satisfying the conditions set forth below, Applicants must demonstrate that gross receipts in any quarter of 2020 were at least 25% lower than the same quarter of 2019. Alternatively, Applicants may compare annual gross receipts in 2020 with annual gross receipts in 2019; Applicants choosing to use annual gross receipts must enter "Annual" in the 2020 Quarter and Reference Quarter fields and, as required documentation, must submit copies of annual tax forms substantiating the annual gross receipts reduction.

• For Applicants not in business during the first and second quarters of 2019 but in operation during the third and fourth quarters of 2019, Applicants must demonstrate that gross receipts in any quarter of 2020 were at least 25% lower than either the third or fourth quarters of 2019.

• For Applicants not in business during the first, second, and third quarters of 2019 but in operation during the fourth quarter of 2019, Applicants must demonstrate that gross receipts in any quarter of 2020 were at least 25% lower than the fourth quarter of 2019.

• For Applicants not in business during 2019 but in operation on February 15, 2020, Applicants must demonstrate that gross receipts in the second, third, or fourth quarter of 2020 were at least 25% lower than the first quarter of 2020.

Gross receipts includes all revenue in whatever form received or accrued (in accordance with the Applicant's accounting method) from whatever source, including from the sales of products or services, interest, dividends, rents, royalties, fees, or commissions, reduced by returns and allowances. Generally, receipts are considered "total income" (or in the case of a sole proprietorship "gross income") plus "cost of goods sold" and excludes net capital gains or losses as these terms are defined and reported on IRS tax return forms. Gross receipts do not include the following: taxes collected for and remitted to a taxing authority if included in gross or total income, such as sales or other taxes collected from customers and excluding taxes levied on the concern or its employees; proceeds from transactions between a concern and its domestic or foreign affiliates; and amounts collected for another by a travel agent, real estate agent, advertising agent, conference management service provider, freight forwarder or customs broker. All other items, such as subcontractor costs, reimbursements for purchases a contractor makes at a customer's request, investment income, and employee-based costs such as payroll taxes, may not be excluded from gross receipts. Gross receipts of an Applicant must be aggregated with gross receipts of its affiliates. For a nonprofit organization, veterans organization, nonprofit news organization, 501(c)(6) organization, and destination marketing organization, gross receipts has the meaning in section 6033 of the Internal Revenue Code of 1986.



**Paycheck Protection Program**
**Second Draw Borrower Application Form**
**Revised March 3, 2021**

For purposes of reporting Number of Employees, sole proprietors, self-employed individuals, and independent contractors should include themselves as employees (i.e., the minimum number in the box Number of Employees is one). For NAICS 72 or eligible news organizations, applicants may not exceed 300 per physical location. Applicants may use their average employment over the time period used to calculate their aggregate payroll costs to determine their number of employees. Alternatively, Applicants may elect to use the average number of employees per pay period in the 12 completed calendar months prior to the date of the loan application.

For purposes of reporting Year of Establishment, self-employed individuals and independent contractors may enter "NA".

For purposes of reporting NAICS Code, applicants must match the business activity code provided on their IRS income tax filings, if applicable. For purposes of calculating an Applicant's maximum payroll costs, an Applicant may multiply its average monthly payroll costs by 3.5 only if the Applicant is in the Accommodation and Food Services sector and has reported a NAICS code beginning with 72 as its business activity code on its most recent IRS income tax return.

All parties listed below are considered owners of the Applicant:

- For a sole proprietorship, the sole proprietor;

- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;

- For a corporation, all owners of 20% or more of the corporation;

- For limited liability companies, all members owning 20% or more of the company; and

- Any Trustor (if the Applicant is owned by a trust).

For purposes of reporting (optional) demographic information:
1. **Purpose**. Veteran/gender/race/ethnicity data is collected for program reporting purposes only.
2. **Description**. This form requests information about each of the Applicant's Principals. Add additional sheets if necessary.
3. **Definition of Principal**. The term "Principal" means:
   - For a self-employed individual, independent contractor, or a sole proprietor, the self-employed individual, independent contractor, or sole proprietor.
   - For a partnership, all general partners and all limited partners owning 20% or more of the equity of the Applicant, or any partner that is involved in the management of the Applicant's business.
   - For a corporation, all owners of 20% or more of the Applicant, and each officer and director.
   - For a limited liability company, all members owning 20% or more of the Applicant, and each officer and director.
   - Any individual hired by the Applicant to manage the day-to-day operations of the Applicant ("key employee").
   - Any trustor (if the Applicant is owned by a trust).
   - For a nonprofit organization, the officers and directors of the Applicant.
4. **Principal Name**. Insert the full name of the Principal.
5. **Principal Position**. Identify the Principal's position; for example, self-employed individual; independent contractor; sole proprietor; general partner; owner; officer; director; member; or key employee.

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to: Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416, and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503. **PLEASE DO NOT SEND FORMS TO THESE ADDRESSES.**

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 U.S.C. 636(a)(1)(B) of the Small Business Act.

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Program using the Taxpayer Identification Number (TIN) assigned to the borrower.

DocuSign Envelope ID: 3219560E-CE5D-4A77-8B93-95A542985321



**Paycheck Protection Program**
**Second Draw Borrower Application Form**
**Revised March 3, 2021**

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – This law provides, with some exceptions, that SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that is generally released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers, the amount of the loan, and the type of the loan. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined and required to abate the hazards in their workplaces. They may also be ordered to cease operations posing an imminent danger of death or serious injury until employees can be protected. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549 (2 C.F.R. Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

DocuSign Envelope ID: 3219560E-CE5D-4A77-8B93-95A542985321

**PPP Applicant Ownership Sheet**

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| DORA KUZELKA | PRESIDENT | 51 | 475361099 | 250 Roma Jean Pkwy, Streamwood, IL 60107 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DocuSign Envelope ID: 3219560E-CE5D-4A77-8B93-95A5429B5321

**PPP Borrower Demographic Information Sheet**

| Principal Name | Position | Veteran | Gender | Race | Ethnicity |
|---|---|---|---|---|---|
| DORA KUZELKA | PRESIDENT | 1=Non-Veteran | F=Female | 5=White | N=Not Hispanic or Latino |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

SBA Form 2483-SD (3/21)　　　　　　　　9

# Exhibit D



### Paycheck Protection Program
### Borrower Application Form Revised March 18, 2021

OMB Control No.: 3245-0407
Expiration Date: 9/30/2021

| Check One: | ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☐ LLC<br>☐ Independent contractor ☐ Self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(6) organization<br>☐ 501(c)(19) veterans organization<br>☐ Other 501(c) organization ☐ Housing cooperative<br>☐ Tribal business ☐ Other | DBA or Tradename (if applicable) | Year of Establishment (if applicable) |
|---|---|---|---|
| **Business Legal Name** | | **NAICS Code** | **Applicant (including affiliates, if applicable) Meets Size Standard** (check one): |
| | | | ☐ No more than 500 employees (or 300 employees, if applicable) unless "per location" exception applies<br>☐ SBA industry size standards<br>☐ SBA alternative size standard |
| **Business Address (Street, City, State, Zip Code - No P.O. Box addresses allowed)** | | **Business TIN (EIN, SSN, ITIN)** | **Business Phone** |
| | | **Primary Contact** | **Email Address** |
| | | | |

| Average Monthly Payroll: | $ | x 2.5 + EIDL (Do Not Include Any EIDL Advance) equals Loan Request Amount: | $ | Number of Employees: | |
|---|---|---|---|---|---|
| **Purpose of the loan (select all that apply):** | ☐ Payroll Costs | ☐ Rent / Mortgage Interest | ☐ Utilities | | ☐ Covered Operations Expenditures |
| | ☐ Covered Property Damage | ☐ Covered Supplier Costs | ☐ Covered Worker Protection Expenditures | | ☐ Other (explain): _____ |

### Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN, ITIN) | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |

### PPP Applicant Demographic Information (Optional)

**Veteran/gender/race/ethnicity data is collected for program reporting purposes only. Disclosure is voluntary and will have no bearing on the loan application decision.**

| Principal Name | Principal Position |
|---|---|
| | |

| | Select Response Below: |
|---|---|
| Veteran | ☐ Non-Veteran; ☐ Veteran; ☐ Service-Disabled Veteran; ☐ Spouse of Veteran; ☐ Not Disclosed |
| Gender | ☐ Male; ☐ Female; ☐ Not Disclosed |
| Race (more than 1 may be selected) | ☐ American Indian or Alaska Native; ☐ Asian; ☐ Black or African-American; ☐ Native Hawaiian or Pacific Islander; ☐ White; ☐ Not Disclosed |
| Ethnicity | ☐ Hispanic or Latino; ☐ Not Hispanic or Latino; ☐ Not Disclosed |

SBA Form 2483 (3/21)

1



**Paycheck Protection Program**
**Borrower Application Form Revised March 18, 2021**

*If questions (1), (2), (5), or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☐ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency (other than a Federal student loan made or guaranteed through a program administered by the Department of Education) that is (a) currently delinquent, or (b) has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☐ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management (including a management agreement) with any other business? If yes, list all such businesses (including their TINs if available) and describe the relationship on a separate sheet identified as addendum A. | ☐ | ☐ |
| 4. Did the Applicant receive an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☐ |
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant presently incarcerated or, for any felony, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction? <br> Initial here to confirm your response to question 5 → _____ | ☐ | ☐ |
| 6. Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation (including probation before judgment)? <br> Initial here to confirm your response to question 6 → _____ | ☐ | ☐ |
| 7. Is the United States the principal place of residence for all employees included in the Applicant's payroll calculation above? | ☐ | ☐ |
| 8. Is the Applicant a franchise? | ☐ | ☐ |
| 9. Is the franchise listed in SBA's Franchise Directory? If yes, enter SBA Franchise Identifier Code here: _____ | ☐ | ☐ |



**Paycheck Protection Program**
**Borrower Application Form Revised March 18, 2021**

## By Signing Below, You Make the Following Representations, Authorizations, and Certifications

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, and Title V of the American Rescue Plan Act of 2021 (the Paycheck Protection Program Rules).
- The Applicant, together with its affiliates (if applicable), (1) is an independent contractor, self-employed individual, or sole proprietor with no employees; (2) if not a housing cooperative, eligible 501(c)(6) organization, other eligible 501(c) organization, or eligible destination marketing organization, employs no more than the greater of 500 employees or, if applicable, the size standard in number of employees established by SBA in 13 C.F.R. 121.201 for the Applicant's industry; (3) if a housing cooperative, employs no more than 300 employees; (4) if an eligible 501(c)(6) organization, other eligible 501(c) organization, or eligible destination marketing organization, employs no more than 300 employees per physical location; (5) if NAICS 72 or a 501(c)(3) organization, employs no more than 500 employees per physical location; (6) if a news organization that is majority owned or controlled by a NAICS code 511110 or 5151 business, a nonprofit public broadcasting entity with a trade or business under NAICS code 511110 or 5151, or an Internet-only news or periodical publisher assigned NAICS code 519130 and engaged in the collection and distribution of local or regional and national news and information, employs no more than 500 employees (or, if applicable, the size standard in number of employees established by SBA in 13 C.F.R. 121.201 for the Applicant's industry) per location; or (7) is a small business under the applicable revenue-based size standard established by SBA in 13 C.F.R. 121.201 for the Applicant's industry or under the SBA alternative size standard.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rules including the prohibition on using loan proceeds for lobbying activities and expenditures. If Applicant is a news organization that became eligible for a loan under Section 317 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, proceeds of the loan will be used to support expenses at the component of the business concern that produces or distributes locally focused or emergency information. If the Applicant is an Internet-only news or periodical publisher that became eligible for a loan under Section 5001 of the American Rescue Plan Act of 2021, the proceeds of the loan will be used to support expenses at the component of the business or organization that supports local or regional news.
- I understand that SBA encourages the purchase, to the extent feasible, of American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any EIDL loan received by the Applicant (Section 7(b)(2) of the Small Business Act) between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses for loans under the Paycheck Protection Program Rules.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

_____ The Applicant was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

_____ Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

_____ The funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

_____ I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, covered utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures, and not more than 40% of the forgiven amount may be for non-payroll costs. If required, the Applicant will provide to the Lender and/or SBA documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of eligible expenses for the covered period following this loan.

_____ The Applicant has not and will not receive another loan under the Paycheck Protection Program, section 7(a)(36) of the Small Business Act (15 U.S.C. 636(a)(36)) (this does not include Paycheck Protection Program second draw loans, section 7(a)(37) of the Small Business Act (15 U.S.C. 636(a)(37)).

_____ The Applicant has not been approved for a Shuttered Venue Operator (SVO) grant from SBA as of the date of this loan application, and the Applicant acknowledges that if the Applicant is approved for an SVO grant before SBA issues a loan number for this loan, the Applicant is ineligible for the loan and acceptance of any loan proceeds will be considered an unauthorized use.

_____ The President, the Vice President, the head of an Executive department, or a Member of Congress, or the spouse of such person as determined under applicable common law, does not directly or indirectly hold a controlling interest in the Applicant, with such terms having the meanings provided in Section 322 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act.

_____ The Applicant is not an issuer, the securities of which are listed on an exchange registered as a national securities exchange under section 6 of the Securities Exchange Act of 1934 (15 U.S.C. 78f).

**Paycheck Protection Program**
**Borrower Application Form Revised March 18, 2021**

_____ I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 U.S.C. 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 U.S.C. 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

_____ I acknowledge that the Lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge, and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____          _____

Signature of Authorized Representative of Applicant          Date

_____          _____

Print Name          Title

SBA Form 2483 (3/21)          4



**Paycheck Protection Program**
**Borrower Application Form Revised March 18, 2021**

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and ***submitted to your SBA Participating Lender***. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

An Applicant that files an IRS Form 1040, Schedule C, and elects to calculate the PPP loan amount using net profit must use this form. *An Applicant that files an IRS Form 1040, Schedule C, and elects to calculate the PPP loan amount using gross income cannot use this form, and instead must use SBA Form 2483-C.* An Applicant that files an IRS Form 1040, Schedule F, and calculates the PPP loan amount using gross income must also use this form.

**Instructions for completing this form:**

With respect to Purpose of the Loan, payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave (except those paid leave amounts for which a credit is allowed under FFCRA Sections 7001 and 7003); allowance for separation or dismissal; payment for the provision of employee benefits (including insurance premiums) consisting of group health care coverage, group life, disability, vision, or dental insurance, and retirement benefits; payment of state and local taxes assessed on compensation of employees; and, for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating Average Monthly Payroll, most Applicants will use the average monthly payroll for 2019 or 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For seasonal businesses, the Applicant may elect to instead use average total monthly payroll for any twelve-week period selected by the Applicant between February 15, 2019 and February 15, 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For farmers and ranchers that operate as a sole proprietorship or as an independent contractor, or who are eligible self-employed individuals (including single member LLCs and qualified joint ventures) and report farm income or expenses on a Schedule F (or any equivalent successor IRS form), payroll costs are computed using eligible payroll costs for employees, if any, plus the lesser of $100,000 and the difference between gross income and any eligible payroll costs for employees, as reported on a Schedule F. For Applicants that file IRS Form 1040, Schedule C, and elect to calculate the PPP loan amount using net profit, payroll costs are computed using line 31 net profit amount, limited to $100,000, plus any eligible payroll costs for employees (to calculate loan amount using gross income, see SBA Form 2483-C). For Applicants that are partnerships, payroll costs are computed using net earnings from self-employment of individual general partners, as reported on IRS Form 1065 K-1, reduced by section 179 expense deduction claimed, unreimbursed partnership expenses claimed, and depletion claimed on oil and gas properties, multiplied by 0.9235, that is not more than $100,000, plus any eligible payroll costs for employees.

For Schedule F filers, if the Applicant is a qualified joint venture for federal income tax purposes ((1) the only members of the joint venture are a married couple who file a joint return and each file Schedule F, (2) both spouses materially participate in the trade or business, and (3) both spouses elect not to be treated as a partnership), only one spouse may submit this form on behalf of the qualified joint venture.

For purposes of calculating the loan amount using gross income (Schedule F filers only), use the sum of gross income (Schedule F, line 9) from both spouses. For purposes of reporting Number of Employees, sole proprietors, self-employed individuals, and independent contractors should include themselves as employees (i.e., the minimum number in the box Number of Employees is one). Applicants may use their average employment over the time period used to calculate their aggregate payroll costs to determine their number of employees. Alternatively, Applicants may elect to use the average number of employees per pay period in the 12 completed calendar months prior to the date of the loan application.

For purposes of reporting Year of Establishment, self-employed individuals and independent contractors may enter "NA".

For purposes of reporting NAICS Code, applicants must match the business activity code provided on their IRS income tax filings, if applicable.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020 to Loan Request as indicated on the form. Do not add the amount of any EIDL Advance.

All parties listed below are considered owners of the Applicant:
- For a sole proprietorship, the sole proprietor;
- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;
- For a corporation, all owners of 20% or more of the corporation;
- For limited liability companies, all members owning 20% or more of the company; and
- Any Trustor (if the Applicant is owned by a trust).



**Paycheck Protection Program**
**Borrower Application Form Revised March 18, 2021**

For purposes of reporting (optional) demographic information:

1. **Purpose**. Veteran/gender/race/ethnicity data is collected for program reporting purposes only.
2. **Description**. This form requests information about each of the Applicant's Principals. Add additional sheets if necessary.
3. **Definition of Principal**. The term "Principal" means:
   - For a self-employed individual, independent contractor, or a sole proprietor, the self-employed individual, independent contractor, or sole proprietor.
   - For a partnership, all general partners and all limited partners owning 20% or more of the equity of the Applicant, or any partner that is involved in the management of the Applicant's business.
   - For a corporation, all owners of 20% or more of the Applicant, and each officer and director.
   - For a limited liability company, all members owning 20% or more of the Applicant, and each officer and director.
   - Any individual hired by the Applicant to manage the day-to-day operations of the Applicant ("key employee").
   - Any trustor (if the Applicant is owned by a trust).
   - For a nonprofit organization, the officers and directors of the Applicant.
4. **Principal Name**. Insert the full name of the Principal.
5. **Principal Position**. Identify the Principal's position; for example, self-employed individual; independent contractor; sole proprietor; general partner; owner; officer; director; member; or key employee.

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to: Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416, and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503. **PLEASE DO NOT SEND FORMS TO THESE ADDRESSES.**

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 U.S.C. Section 636(a)(1)(B) of the Small Business Act.

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Program using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – This law provides, with some exceptions, that SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that is generally released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers, the amount of the loan, and the type of the loan. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined and required to abate the hazards in their workplaces. They may also be ordered to cease operations posing an imminent danger of death or serious injury until employees can be protected. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.



**Paycheck Protection Program**
**Borrower Application Form Revised March 18, 2021**

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549 (2 C.F.R. Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

# Exhibit E



**Paycheck Protection Program**
**Second Draw Borrower Application Form Revised February 17, 2021**

OMB Control No.: 3245-0417
Expiration Date: 7/31/2021

| Check One: ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☐ LLC<br>☐ Independent contractor ☐ Self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(6) organization<br>☐ 501(c)(19) veterans organization ☐ Housing cooperative<br>☐ Tribal business ☐ Other _____ | DBA or Tradename (if applicable) | Year of Establishment (if applicable) |
|---|---|---|
| | | |

| Business Legal Name | NAICS Code |
|---|---|
| | |

| Business Address (Street, City, State, Zip Code - No P.O. Box addresses allowed) | Business TIN (EIN, SSN) | Business Phone |
|---|---|---|
| | | |
| | **Primary Contact** | **Email Address** |
| | | |

| Average Monthly Payroll: | $ | x 2.5 (or x 3.5 for NAICS 72 applicants) equals Loan Request Amount (may not exceed $2,000,000): | $ | Number of Employees (including affiliates, if applicable; may not exceed 300): | |
|---|---|---|---|---|---|
| **Purpose of the loan (select all that apply):** | ☐ Payroll Costs | ☐ Rent / Mortgage Interest | ☐ Utilities | ☐ Covered Operations Expenditures | |
| | ☐ Covered Property Damage | ☐ Covered Supplier Costs | ☐ Covered Worker Protection Expenditures | ☐ Other (explain): _____ | |
| **PPP First Draw SBA Loan Number:** | | | | | |

| Reduction in Gross Receipts of at Least 25% (Applicants for loans of $150,000 or less may leave blank but must provide upon or before seeking loan forgiveness or upon SBA request): | 2020 Quarter (e.g., 2Q 2020): | | Reference Quarter (e.g., 2Q 2019): | |
|---|---|---|---|---|
| | Gross Receipts: | $ | Gross Receipts | $ |

**Applicant Ownership**

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |

**PPP Borrower Demographic Information (Optional)**

**Veteran/gender/race/ethnicity data is collected for program reporting purposes only. Disclosure is voluntary and will have no bearing on the loan application decision.**

| Principal Name | Position |
|---|---|
| | |

| | Select Response Below: |
|---|---|
| Veteran | ☐ Non-Veteran; ☐ Veteran; ☐ Service-Disabled Veteran; ☐ Spouse of Veteran; ☐ Not Disclosed |
| Gender | ☐ Male; ☐ Female; ☐ Not Disclosed |
| Race (more than 1 may be selected) | ☐ American Indian or Alaska Native; ☐ Asian; ☐ Black or African-American; ☐ Native Hawaiian or Pacific Islander; ☐ White; ☐ Not Disclosed |
| Ethnicity | ☐ Hispanic or Latino; ☐ Not Hispanic or Latino; ☐ Not Disclosed |

SBA Form 2483-SD (2/21)                                        1



**Paycheck Protection Program**
**Second Draw Borrower Application Form Revised February 17, 2021**

*If questions (1), (2), (4), or (5) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | | |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is (a) currently delinquent, or (b) has defaulted in the last 7 years and caused a loss to the government? | | |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management (including a management agreement) with any other business? If yes, list all such businesses (including their TINs if available) and describe the relationship on a separate sheet identified as addendum A. | | |
| 4. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant presently incarcerated or, for any felony, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction?<br>Initial here to confirm your response to question 4 → _____ | | |
| 5. Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, or within the last year, for any other felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation (including probation before judgment)?<br>Initial here to confirm your response to question 5 → _____ | | |
| 6. Is the United States the principal place of residence for all employees included in the Applicant's payroll calculation above? | | |
| 7. Is the Applicant a franchise? | | |
| 8. Is the franchise listed in SBA's Franchise Directory? If yes, enter SBA Franchise Identifier Code here: _____ | | |



**Paycheck Protection Program**
**Second Draw Borrower Application Form Revised February 17, 2021**

### By Signing Below, You Make the Following Representations, Authorizations, and Certifications

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.

- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing Second Draw Paycheck Protection Program Loans under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the Paycheck Protection Program Rules).

- The Applicant, together with its affiliates (if applicable), (1) is an independent contractor, self-employed individual, or sole proprietor with no employees; (2) employs no more than 300 employees; or (3) if NAICS 72, employs no more than 300 employees per physical location; (4) if a news organization that is majority owned or controlled by a NAICS code 511110 or 5151 business or a nonprofit public broadcasting entity with a trade or business under NAICS code 511110 or 5151, employs no more than 300 employees per location.

- I will comply, whenever applicable, with the civil rights and other limitations in this form.

- All loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rules including the prohibition on using loan proceeds for lobbying activities and expenditures. If Applicant is a news organization that became eligible for a loan under Section 317 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, proceeds of the loan will be used to support expenses at the component of the business concern that produces or distributes locally focused or emergency information.

- I understand that SBA encourages the purchase, to the extent feasible, of American-made equipment and products.

- The Applicant is not engaged in any activity that is illegal under federal, state or local law.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

_____  The Applicant was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

_____  Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

_____  The Applicant has realized a reduction in gross receipts in excess of 25% relative to the relevant comparison time period. For loans greater than $150,000, Applicant has provided documentation to the lender substantiating the decline in gross receipts. For loans of $150,000 or less, Applicant will provide documentation substantiating the decline in gross receipts upon or before seeking loan forgiveness for the Second Draw Paycheck Protection Program Loan or upon SBA request.

_____  The Applicant received a First Draw Paycheck Protection Program Loan and, before the Second Draw Paycheck Protection Program Loan is disbursed, will have used the full loan amount (including any increase) of the First Draw Paycheck Protection Program Loan only for eligible expenses.

_____  The funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

_____  I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, covered utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures, and not more than 40% of the forgiven amount may be for non-payroll costs. If required, the Applicant will provide to the Lender and/or SBA documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of eligible expenses for the covered period following this loan.

_____  The Applicant has not and will not receive another Second Draw Paycheck Protection Program Loan.

_____  The Applicant has not and will not receive a Shuttered Venue Operator grant from SBA.

SBA Form 2483-SD (2/21)                                                    3



**Paycheck Protection Program**
**Second Draw Borrower Application Form Revised February 17, 2021**

_____ The President, the Vice President, the head of an Executive department, or a Member of Congress, or the spouse of such person as determined under applicable common law, does not directly or indirectly hold a controlling interest in the Applicant, with such terms having the meanings provided in Section 322 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act.

_____ The Applicant is not an issuer, the securities of which are listed on an exchange registered as a national securities exchange under section 6 of the Securities Exchange Act of 1934 (15 U.S.C. 78f).

_____ The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China.

_____ The Applicant is not required to submit a registration statement under section 2 of the Foreign Agents Registration Act of 1938 (22 U.S.C. 612).

_____ The Applicant is not a business concern or entity primarily engaged in political or lobbying activities, including any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents.

_____ I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 U.S.C. 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 U.S.C. 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

_____ I acknowledge that the Lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge, and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____          _____
Signature of Authorized Representative of Applicant          Date

_____          _____
Print Name          Title



**Paycheck Protection Program**
**Second Draw Borrower Application Form Revised February 17, 2021**

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and *submitted to your SBA Participating Lender*. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

**Instructions for completing this form:**

With respect to "purpose of the loan," payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave (except those paid leave amounts for which a credit is allowed under FFCRA Sections 7001 and 7003); allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage (including insurance premiums), group life, disability, vision, or dental insurance, and retirement benefits; payment of state and local taxes assessed on compensation of employees; and, for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating "Average Monthly Payroll," most Applicants will use the average monthly payroll for 2019 or 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For seasonal businesses, the Applicant may elect to instead use average total monthly payroll for any twelve-week period selected by the Applicant between February 15, 2019 and February 15, 2020, excluding costs over $100,000 on an annualized basis, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For new businesses without 12 months of payroll costs but that were in operation on February 15, 2020, average monthly payroll may be calculated based on the number of months in which payroll costs were incurred, excluding costs over $100,000 on an annualized basis for each employee, as prorated for the period during which the payments are made or the obligation to make the payments is incurred, for each employee. For farmers and ranchers that operate as a sole proprietorship or as an independent contractor, or who are eligible self-employed individuals and report farm income or expenses on a Schedule F (or any equivalent successor IRS form), payroll costs are computed using eligible payroll costs for employees, if any, plus the lesser of $100,000 and the difference between gross income and any eligible payroll costs for employees, as reported on a Schedule F. For Applicants that file IRS Form 1040, Schedule C, payroll costs are computed using line 31 net profit amount, limited to $100,000, plus any eligible payroll costs for employees. For Applicants that are partnerships, payroll costs are computed using net earnings from self-employment of individual general partners, as reported on IRS Form 1065 K-1, reduced by section 179 expense deduction claimed, unreimbursed partnership expenses claimed, and depletion claimed on oil and gas properties, multiplied by 0.9235, that is not more than $100,000, plus any eligible payroll costs for employees.

In determining whether the Applicant experienced at least a 25% reduction in gross receipts, for loans above $150,000, the Applicant must identify the 2020 quarter meeting this requirement, identify the reference quarter, and state the gross receipts amounts for both quarters, as well as provide supporting documentation. For loans of $150,000 and below, these fields are not required and the Applicant only must certify that the Applicant has met the 25% gross receipts reduction at the time of application; however, upon or before seeking loan forgiveness (or upon SBA request) the Applicant must provide documentation that identifies the 2020 quarter meeting this requirement, identifies the reference quarter, states the gross receipts amounts for both quarters, and supports the amounts provided. For all loans, the appropriate reference quarter depends on how long the Applicant has been in operation:

- For all entities other than those satisfying the conditions set forth below, Applicants must demonstrate that gross receipts in any quarter of 2020 were at least 25% lower than the same quarter of 2019. Alternatively, Applicants may compare annual gross receipts in 2020 with annual gross receipts in 2019; Applicants choosing to use annual gross receipts must enter "Annual" in the 2020 Quarter and Reference Quarter fields and, as required documentation, must submit copies of annual tax forms substantiating the annual gross receipts reduction.

- For entities not in business during the first and second quarters of 2019 but in operation during the third and fourth quarters of 2019, Applicants must demonstrate that gross receipts in any quarter of 2020 were at least 25% lower than either the third or fourth quarters of 2019.

- For entities not in business during the first, second, and third quarters of 2019 but in operation during the fourth quarter of 2019, Applicants must demonstrate that gross receipts in any quarter of 2020 were at least 25% lower than the fourth quarter of 2019.

- For entities not in business during 2019 but in operation on February 15, 2020, Applicants must demonstrate that gross receipts in the second, third, or fourth quarter of 2020 were at least 25% lower than the first quarter of 2020.

Gross receipts includes all revenue in whatever form received or accrued (in accordance with the entity's accounting method) from whatever source, including from the sales of products or services, interest, dividends, rents, royalties, fees, or commissions, reduced by returns and allowances. Generally, receipts are considered "total income" (or in the case of a sole proprietorship "gross income") plus "cost of goods sold" and excludes net capital gains or losses as these terms are defined and reported on IRS tax return forms. Gross receipts do not include the following: taxes collected for and remitted to a taxing authority if included in gross or total income, such as sales or other taxes collected from customers and excluding taxes levied on the concern or its employees; proceeds from transactions between a concern and its domestic or foreign affiliates; and amounts collected for another by a travel agent, real estate agent, advertising agent, conference management service provider, freight forwarder or customs broker. All other items, such as subcontractor costs, reimbursements for purchases a contractor makes at a customer's request, investment income, and employee-based costs such as payroll taxes, may not be excluded from gross receipts. Gross receipts of a borrower must be aggregated with gross receipts of its affiliates. For a nonprofit organization, veterans organization, nonprofit news organization, 501(c)(6) organization, and destination marketing organization, gross receipts has the meaning in section 6033 of the Internal Revenue Code of 1986.

For purposes of reporting Number of Employees, sole proprietors, self-employed individuals, and independent contractors should include themselves as employees (i.e., the minimum number in the box "Employees" is one). For NAICS 72 or eligible news organizations, applicants may not exceed 300 per physical location.

For purposes of reporting Year of Establishment, self-employed individuals and independent contractors may enter "NA".

For purposes of reporting NAICS Code, applicants must match the business activity code provided on their IRS income tax filings, if applicable. For purposes of calculating an Applicant's maximum payroll costs, an Applicant may multiply its average monthly payroll costs by 3.5 only if the Applicant is in the Accommodation and Food Services sector and has reported a NAICS code beginning with 72 as its business activity code on its most recent IRS income tax return.



**Paycheck Protection Program**
**Second Draw Borrower Application Form Revised February 17, 2021**

All parties listed below are considered owners of the Applicant:

- For a sole proprietorship, the sole proprietor;

- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;

- For a corporation, all owners of 20% or more of the corporation;

- For limited liability companies, all members owning 20% or more of the company; and

- Any Trustor (if the Applicant is owned by a trust).

For purposes of reporting (optional) demographic information:

1. **Purpose**. Veteran/gender/race/ethnicity data is collected for program reporting purposes only.
2. **Description**. This form requests information about each of the Borrower's Principals. Add additional sheets if necessary.
3. **Definition of Principal**. The term "Principal" means:
   - For a self-employed individual, independent contractor, or a sole proprietor, the self-employed individual, independent contractor, or sole proprietor.
   - For a partnership, all general partners and all limited partners owning 20% or more of the equity of the Borrower, or any partner that is involved in the management of the Borrower's business.
   - For a corporation, all owners of 20% or more of the Borrower, and each officer and director.
   - For a limited liability company, all members owning 20% or more of the Borrower, and each officer and director.
   - Any individual hired by the Borrower to manage the day-to-day operations of the Borrower ("key employee").
   - Any trustor (if the Borrower is owned by a trust).
   - For a nonprofit organization, the officers and directors of the Borrower.
4. **Principal Name**. Insert the full name of the Principal.
5. **Position**. Identify the Principal's position; for example, self-employed individual; independent contractor; sole proprietor; general partner; owner; officer; director; member; or key employee.

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to: Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416, and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503. **PLEASE DO NOT SEND FORMS TO THESE ADDRESSES.**

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 USC Section 636(a)(1)(B) of the Small Business Act.

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Program using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – This law provides, with some exceptions, that SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that is generally released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers, the amount of the loan, and the type of the loan. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.



**Paycheck Protection Program**
**Second Draw Borrower Application Form Revised February 17, 2021**

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined and required to abate the hazards in their workplaces. They may also be ordered to cease operations posing an imminent danger of death or serious injury until employees can be protected. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549 (2 C.F.R. Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.